

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-2-2004

# USA v. Dill

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3762

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Dill" (2004). *2004 Decisions*. Paper 152.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/152

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 03-3762
_____

UNITED STATES OF AMERICA

vs.

DAMON ANDRE DILL,

Appellant.

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 02-cr-00551)
District Judge:  The Honorable R. Barclay Surrick

_____

Submitted Under Third Circuit LAR 34.1(a)
October 25, 2004

BEFORE: NYGAARD, AMBRO, and VAN ANTWERPEN, Circuit Judges.

(Filed :  November 2, 2004)

_____

OPINION OF THE COURT
_____

NYGAARD, Circuit Judge.

A jury convicted Appellant, Damon Andre Dill, of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c), and possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Dill was also convicted in a bench trial of possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) and sentenced to 322 months in federal prison. On appeal, Dill raises two issues: the sufficiency of the evidence and his categorization as a career offender. We will affirm.

*Sufficiency of the Evidence*

Dill contends that the evidence was not sufficient to support his conviction. At the close of evidence at trial, Dill failed to move for judgment of acquittal.[1] This failure dictates our standard of review. Where a defendant fails to file a motion for judgment of acquittal at the close of the evidence, the issue of the sufficiency of the evidence is not

---

1  Although Dill moved for a judgment of acquittal on Count II following the government's presentation of evidence, he subsequently presented evidence for the defense. By presenting evidence after the motion, Dill waived this motion. *United States v. Wright-Barker*, 784 F.2d 161, 170 (3d Cir. 1986).

preserved for appeal and hence we review only for plain error. *United States v. Wolfe*, 245 F.3d 257, 260-61 (3d Cir. 2001); *United States v. Anderson*, 108 F.3d 478, 480 (3d Cir. 1997); *Wright-Barker*, 784 F.2d at 170.

Dill's convictions stem from the execution of a warrant on December 13, 2001 on the residence at 317 West 21st Street in Chester, Pennsylvania. While Dill was asleep in bed, police entered the home to execute the warrant. Dill was found asleep in one of the bedrooms with a female companion. In the bedroom where Dill was sleeping, police discovered a 9mm handgun and a loaded clip in a case on a shelf in the closet. Police also found both men's and women's clothing in the room and a cell phone bill addressed to Damon Dill at 317 West 21st Street. Although there was no cocaine in the bedroom, officers did discover cocaine and drug paraphernalia in the basement. In the basement, police found a plastic bag containing a digital scale and unused ziploc bags, another bag containing another digital scale and a bottle of Inositol (a substance used to dilute or "cut" cocaine), a police scanner, and a large plastic bag containing a total of 121.1 grams of cocaine. In the kitchen, officers found two coffee cans with false bottoms containing $2,781.00 in cash. In the dinning room, police discovered $56.00 in cash on the table, a messenger pager, a cellular phone, and mail[2] addressed to Dill at 317 West 21st Street, Chester, Pennsylvania.

---

2        The mail included a bank statement, an electric bill and a credit card bill. There was also a letter addressed to a third person at a different address. There was no mail addressed to Dill's female companion.

When applying the plain error standard, an appeal based on the sufficiency of the evidence will only be successful if the appellant establishes that "the trial judge and prosecutor were derelict in countenancing it, even absent the defendant's timely assistance in detecting it." *Wright-Barker*, 784 F.2d at 171. The Government is not required to prove that Dill had actual possession of the contraband, merely that he had constructive possession. *United States v. Brown*, 3 F.3d 673, 680 (3d Cir. 1993). Constructive possession requires that the Government show that an individual had both dominion and control over an object and knew about that object's existence. *Id.* Here, the government provided evidence at trial to permit a reasonable jury to conclude that Dill had both dominion and control over the weapon and narcotics. Prosecutors presented evidence that Dill occupied the residence, paid bills such as the electric bill for the residence, and received personal mail at the residence. In the bedroom where Dill was sleeping, police found a handgun and a loaded clip next to it. In the basement of the residence, police found cocaine and other drug paraphernalia.

Because we apply a plain error standard, Dill has a high burden to establish that there was a "miscarriage of justice so clear that the trial judge and prosecutor were derelict in even permitting the jury to deliberate." *Wright-Barker*, 784 F.2d at 171 (internal quotations omitted). Dill had not met this burden. The evidence provided at trial is sufficient to meet the plain error standard. Hence, we will uphold the guilty verdicts on all counts.

Dill also objects to being sentenced as a career offender. In 1992, Dill was convicted of five separate drug offenses. He was arrested for four of the five offenses on January 28, 1992. While those four charges were pending in the criminal system, Dill was arrested again on June 18, 1992. Dill was sentenced for all five convictions on the same date, September 11, 1992. The Sentencing Guidelines provide that a defendant is sentenced as a "career offender" if three requirements are met: (1) the defendant was at least 18 years old at the time of the offense, (2) the conviction is a felony and is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions for a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1(a). The Presentence Report found that of Dill's five previous convictions, two of them were counted separately and received criminal points.[3] Thus, Dill had at least two prior felony convictions for a controlled substance offense.

Dill argues that the four convictions for which he was arrested in January of 1992 only count as one prior felony conviction because they were sentenced together and thus are "related cases" for the purposes of the guidelines. U.S.S.G. § 4A1.2 n.3 ("[P]rior sentences are considered related if they resulted from offenses that . . . were consolidated for trial or sentencing."). Appellant misunderstands the District Court's determination. The District Court found that Dill had *two* prior felony convictions for a controlled

---

3        One offense was based on the four convictions for which Dill was arrested in January 1992. The second felony stemmed from the June 1992 arrest.

5

substance offense.  The January arrests and subsequent convictions count as one prior felony and the June arrest and conviction as the other.  Because there was an arrest between the January crimes and the June crime, the June arrest counts as a separate conviction.  *Id.*  ("[P]rior sentences are not considered related if they were for offenses that were separated by an intervening arrest.").  Hence, Dill argues on appeal for the very action taken by the District Court — treating the four June arrests as one prior felony conviction.  Dill's argument does not alter his sentence; thus, we affirm.

*Conclusion*

Dill has failed to establish that the evidence was insufficient to convict him at trial.  Furthermore, Dill's argument on appeal regarding his sentence is without merit.  Thus, we affirm the conviction on all three counts and Dill's sentence.

_____